[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11391
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:07-cv-00155-TJC-JRK

MARIO SPAN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 27, 2010)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Mario Span, a Florida state prisoner proceeding through counsel, appeals the denial of his federal habeas corpus petition, 28 U.S.C. § 2254. The district court granted a certificate of appealability (COA) as to the following issue: "Whether [the district court] erred in deferring to the state court's decision to deny petitioner's claim that he was denied the effective assistance of counsel when counsel failed to raise and argue a dispositive illegal detention issue." Consistent with the district court's COA, Span argues his trial counsel's performance was deficient and prejudicial, because if his counsel had pursued a motion to suppress based on the legality of his initial stop and detention, the motion would have been dispositive of the charges against him. A Florida state court rejected this claim on the merits because counsel made a strategic decision not to pursue the argument. After review,[1] we affirm the denial of Span's § 2254 petition.

Under 28 U.S.C. § 2254(d), a federal court cannot grant habeas relief from a state court judgment unless the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law

---

[1]We review *de novo* the district court's decision about whether the state court acted contrary to or unreasonably applied clearly established federal law, or made an unreasonable determination of fact. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010), *petition for cert. filed,* (U.S. Jun. 7, 2010) (No. 09-11314). A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).

as determined by the Supreme Court of the United States;[2] or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Powell v. Allen*, 602 F.3d 1263, 1268-69 (2010).

To make a successful claim of ineffective assistance of counsel, a defendant must show his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Once a court has determined that the defendant fails to establish either the performance or prejudice prong, it need not address the remaining prong. *Id.* at 697. Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove his Fourth Amendment claim is meritorious and there is a reasonable probability the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

When evaluating the performance prong, counsel's representation is judged

---

[2]A state court's decision is "contrary to" federal law if (1) the court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law, or (2) the court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at an opposite result from that arrived at by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

by an objective standard of reasonableness under all the circumstances, and there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and that "under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690-91. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

The state court's decision denying Span's post-conviction claim for ineffective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law. Even assuming the police had detained Span unlawfully, based on the record, counsel's performance was not deficient in pursuing what he decided was the stronger argument of a later suggestive identification. Counsel deposed two police officers and listened to the dispatch tape before making a tactical decision to pursue what he believed to be the strongest basis for suppressing the identifications. Span has not shown counsel's strategic decision to argue for the suppression of the suggestive identification, instead of the legality of the stop and detention, fell below an

objective standard of reasonableness.  Accordingly, we affirm the denial of Span's

§ 2254 habeas petition.

**AFFIRMED.**